IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DANIELLE MOORE**, *individually and on behalf of themselves and all others similarly situated*, | ) ) ) ) Case No. 3:25-cv-331 |
| Plaintiff, | ) ) **CLASS AND COLLECTIVE** ) **ACTION COMPLAINT** |
| v. | ) ) **JURY DEMAND** |
| **SOFO FOOD CO.**, | ) **ENDORSED HEREON** ) |
| – and – | ) ) |
| **ANTONIO SOFO & SON IMPORTING CO.**, | ) ) |
| – and – | ) ) |
| **SOFO FOODS OF OHIO, LLC**, | ) ) |
| Defendants. | ) |

Named Plaintiff Danielle Moore ("Named Plaintiff"), individually and on behalf of all others similarly situated, for her collective and class action Complaint against Defendants Sofo Food Co. ("Defendant Sofo Food"), Antonio Sofo & Son Importing Co. ("Defendant Sofo & Sons"), and Sofo Foods of Ohio, LLC ("Defendant Sofo of Ohio"), states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111 *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), R.C. § 4113.15.

2. Named Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b), and R.C. 4111.10(C), on behalf of herself and other "similarly situated" persons who may join this case pursuant to Section 216(b) and 4111.10(C).

3. Named Plaintiff also brings her OPPA claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other putative class members who assert factually related claims under the OPPA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Named Plaintiff's Ohio state law claims pursuant to 28 U.S.C. § 1367, because the Ohio state law claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because Defendants are domiciled and conduct business in this district and division, and because a substantial part of the events or omissions giving rise to Named Plaintiff's claims occurred here.

## PARTIES

7. Named Plaintiff is an adult individual residing in Perrysburg, Ohio. Her notice of consent to join is attached as **Exhibit A**.

8. At all relevant times, Named Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA and Ohio law.

9. Defendant Sofo Food is a for-profit Ohio corporation with a principal place of business in Toledo, Ohio (Lucas County). According to records maintained by the Ohio Secretary

of State, Defendant Sofo Food's registered agent is Michael J. Sofo, 253 Waggoner Blvd., Toledo OH 43612.

10. Defendant Sofo & Sons is a for-profit Ohio corporation with a principal place of business in Toledo, Ohio (Lucas County). According to records maintained by the Ohio Secretary of State, Defendant Sofo & Sons' registered agent is Michael J. Sofo, 253 Waggoner Blvd., Toledo OH 43612.

11. Defendant Sofo of Ohio is a Delaware limited liability company that is registered to do business in Ohio and with a principal place of business in Toledo, Ohio (Lucas County). According to records maintained by the Ohio Secretary of State, Defendant Sofo of Ohio's registered agent is Michael J. Sofo, 253 Waggoner Blvd., Toledo OH 43612.

## FACTUAL ALLEGATIONS

**A. Defendants have been individual and joint employers of Named Plaintiff and those similarly situated.**

12. At all relevant times, Defendants have been joint and individual employers within the meaning of the FLSA and Ohio law.

13. Defendants jointly hold themselves out as a family-owned business that distributes ethnic food products to restaurants.

14. Upon information and belief, Defendants operate through various subsidiaries in Ohio, Georgia, Indiana, and Texas. Such subsidiaries include, but are not necessarily limited to, Defendant Sofo of Ohio, Sofo Foods of Georgia LLC, and Sofo Foods of Texas LLC.[1]

---

[1] https://www.pmq.com/sofo-foods-to-host-product-expo-and-open-house-at-new-facility-in-suwanee-ga/; https://www.pmq.com/sofo-foods-establishes-new-distribution-center-in-houston-texas-area/; https://sofofoods.com/about; and https://www.linkedin.com/company/sofo-foods ("We have three distribution centers, our corporate office in Toledo, Ohio, Suwanee, Georgia, and Houston, Texas. We now have a fleet of trucks that deliver to restaurants and pizzerias in 17 states and we have over 350 dedicated employees.") (Last viewed 1/27/25).

3

15. Defendants share the same registered agent, Michael J. Sofo, who is also the Chief Executive Officer.

16. Defendants employed or employ Named Plaintiff and others similarly situated as hourly non-exempt employees in business of distributing food products and similar products at retail and wholesale.

17. Named Plaintiff's job title was Order Selector. Named Plaintiff was employed with Defendants at their Toledo, Ohio distribution center from approximately October 2021 through June 9, 2024.

18. Named Plaintiff and others similarly situated regularly worked more than 40 hours per workweek, entitling them to overtime compensation under the FLSA and the OMFWSA.

19. Defendants, individually and jointly, constituted a single integrated enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

20. Defendants, individually and jointly, are engaged in commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1), in that they, individually and jointly, have employees, including Named Plaintiff and others similarly situated, engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21. Defendants, individually and jointly, have an annual gross volume of sales made or business done of not less than $500,000.00.

22. Defendants apply substantially the same employment policies, practices, and procedures to all employees across all locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

4

23. At all relevant times, Defendants suffered or permitted Named Plaintiff and other similarly situated hourly food distribution employees to work. The work that Named Plaintiff and other similarly situated hourly production employees performed was for Defendants' benefit and was integral and indispensable to the work they were hired to perform.

24. At relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees.

25. At relevant times, Defendants shared direct or indirect control and authority over the working conditions of Named Plaintiff and those similarly situated.

26. At relevant times, Defendants jointly hired and fired employees, supervised and controlled the work schedules and conditions of employees, determined the rate and method of pay, and/or maintained employee records.

27. The work performed by Named Plaintiff and similarly situated employees benefited all Defendants and directly or indirectly furthered their joint interests. Therefore, Defendants are joint employers of Named Plaintiff and other similarly situated employees.

28. Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Named Plaintiff and those similarly situated.

29. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the FLSA and Ohio law.

**Meal Break Violations**

30. During relevant times, Defendants had a policy and practice of deducting 30-minute unpaid meal breaks from employees' time worked, including Named Plaintiff and those similarly situated.

31. However, Named Plaintiff and those similarly situated often worked through the entirety of these unpaid meal breaks, with the 30-minutes still being deducted from their weekly wages and count of hours worked.

32. For example, depending on production goals, Named Plaintiff and others similarly situated worked shorter shifts on Thursdays or Fridays.

33. Instead of the typical 8-hour shift, they worked approximately only six hours.

34. Because of the shortened shifts, Named Plaintiff and others similarly situated routinely worked through the unpaid 30-minute meal break, but Defendants still deducted the time from their pay and hours worked.

35. So, for example, when Plaintiff and others similarly situated worked six hours on such Thursdays or Fridays, they were paid only 5.5 hours.

36. As a result, Defendants failed to pay Named Plaintiff and those similarly situated for all hours worked, including overtime compensation for hours worked in excess of 40 in a workweek.

**Regular Rate Violations**

37. In addition to their hourly wages, Named Plaintiff and others similarly situated were paid non-discretionary compensation, including but not necessarily limited to, weekly quality/production bonuses ("Bonuses"), that were not calculated into their regular rates for the purposes of calculating overtime compensation.

38. Defendants failed to include this additional compensation into the regular rate of pay for Named Plaintiff and others similarly situated when calculating overtime compensation, thereby resulting in the underpayment of overtime pay in violation of the FLSA and the OMFWSA.

39. Defendants willfully violated the FLSA and Ohio law by failing to pay Named Plaintiff and those similarly situated all overtime compensation earned, by failing to pay for all

time worked during missed meal breaks, and by failing to pay overtime compensation at the correctly calculated regular rate of pay.

## **COLLECTIVE ACTION ALLEGATIONS**

40. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Named Plaintiff brings Count I pursuant to the FLSA, 29 U.S.C. § 216(b), and Count II pursuant to the OMFWSA, R.C. § 4111.10(C).

42. The Collective members who are "similarly situated" to Named Plaintiff with respect to Defendants' meal break violations consist of:

> **All present and former hourly employees who performed work for Defendants, including direct hires and temporary employees, who were subjected to Defendants' unpaid meal break policy, and who worked 40 or more hours in a workweek during the period three (3) years preceding the commencement of this action through its final disposition ("Meal Break Collective").**

43. The Collective members who are "similarly situated" to both Named Plaintiff with respect to Defendants' regular rate of pay violations consist of:

> **All present and former hourly employees who performed work for Defendants, including direct hires and temporary employees, who were paid for more than 40 hours in a workweek, and who were paid additional compensation, including, but not necessarily limited to, Bonuses during the period three (3) years preceding the commencement of this action through its final disposition ("RROP Collective").**

44. Such persons are "similarly situated" with respect to Defendants' FLSA and OMFWSA violations in that all were hourly employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of deducting or causing to be deducted unpaid meal breaks, while suffering and permitting Named Plaintiff and others similarly situated to continue working through such unpaid meal breaks and Defendants' unlawful practice of excluding the Bonuses from the calculation of employees' "regular rates" for overtime compensation. All have

7

the same respective claims against Defendants for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

45. Court-authorized notice of this case to similarly situated employees pursuant to 29 U.S.C. § 216(b) and R.C. 4101.10(C) is proper and necessary so that such persons may be informed of the pendency of this action and given them the opportunity to "opt in."

46. Named Plaintiff cannot yet state the exact number of similarly situated persons, who are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## CLASS ACTION ALLEGATIONS
### (Ohio Classes)

47. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Named Plaintiff brings Count III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio for violations of the OPPA, R.C. § 4113.15, consisting of:

> **All present and former hourly employees who performed work for Defendants in Ohio, including direct hires and temporary employees, who were subjected to Defendants' unpaid meal break policy, and who worked 40 or more hours in a workweek during the period two (2) years preceding the commencement of this action through its final disposition ("Ohio Meal Break Class").**

49. Named Plaintiff also brings Count III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio for violations of the OPPA, R.C. § 4113.15, consisting of:

> **All present and former hourly employees who performed work for Defendants in Ohio, including direct hires and temporary employees, who were paid for more than 40 hours in a workweek, and who were paid additional compensation, including, but not necessarily limited to, Bonuses during the period three (2) years preceding the commencement of this action through its final disposition ("Ohio RROP Class").**

50. The Ohio Meal Break Class and Ohio RROP Class are collectively referred to as the Ohio Classes, which are so numerous that joinder of all class members is impracticable. While Named Plaintiff cannot yet state the exact number of class members, they estimate more than approximately 40 to 60 employees work at the Toledo, Ohio location. The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to Ohio law. Ohio Const. Art. II, § 34a.

51. Plaintiff and the Ohio Classes have all sustained similar types of damages as a result of Defendants' failure to comply with the FLSA, the OMFWSA, and R.C. § 4113.15.

52. There are questions of law or fact common to the Ohio Classes, including but not limited to:

    a) Whether Named Plaintiff and the Ohio Classes were subject to a common policy or policies that resulted in each individual not being paid overtime wages at a rate of one and one-half their regular rate;

    b) Whether Named Plaintiff and the Ohio Classes were subject to a common policy or policies that resulted in each individual not being paid for all overtime hours worked.

    c) Whether Defendants failed to pay Plaintiff, the Ohio Meal Break Class, and the Ohio RROP Class members in a timely manner as described by R.C. § 4113.15, and if so, whether the wages owed are "in dispute"; and

    d) The nature and extent of class-wide injury and the measure of damages for those injuries.

53. Named Plaintiff and the Ohio Classes have all sustained similar types of damages as a result of Defendants' failure to comply with the FLSA and OMFWSA.

54. Named Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class members.

55. Named Plaintiff and the Ohio Classes have all been injured in that they have been uncompensated due to Defendants' common policy, practice, and willful conduct. Defendants' corporate wide policies, practices and willful conduct affected the Ohio Classes similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

56. Named Plaintiff and the Ohio Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct of Defendants.

57. Named Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Ohio Class members.

58. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

59. The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Classes, listed above, are common to the respective Ohio Class as a whole, and predominate over any questions affecting only individual Class members.

60. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims

individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**

61. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. Named Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the respective Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

63. The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. § 207(a)(1).

64. Named Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their properly calculated "regular rate" for all hours worked in excess of 40 hours per workweek.

65. Defendants failed to pay all time worked by deducting or causing to be deducted 30-minute unpaid meal breaks, yet suffering and permitting Named Plaintiff and others similarly situated to continue working through the unpaid breaks.

66. Defendants miscalculated and underpaid the overtime compensation it paid to Named Plaintiff and the FLSA Collective members by excluding Bonuses from the calculation of their "regular rates."

67. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

68. As a result of Defendants' violations of the FLSA, Named Plaintiff and the FLSA Collective members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.

69. Named Plaintiff seeks unpaid overtime, liquidated damages, and payment of attorneys' fees, and reimbursement of costs under the FLSA.

70. In violating the FLSA, Defendants, lacking a good faith basis, acted willfully and with reckless disregard for clearly applicable FLSA provisions.

## COUNT TWO
### (OMFWSA - Overtime Violations)

71. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

72. Named Plaintiff and the Collective worked more than forty hours in one or more workweeks.

73. Defendants did not pay Named Plaintiff and the Collective at least one and one-half times there normal hourly wage rate for time worked in excess of forty hours per workweek.

74. By not paying Named Plaintiff and the Collective proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have violated the OMFWSA.

75. As a result of Defendants' violations, Named Plaintiff and the Collective are entitled to Damages, including but not limited to, unpaid overtime wages, unreimbursed expenses, costs, and attorneys' fees.

## COUNT THREE
### (OPPA Violations)

76. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

77. During all relevant times, Defendants were covered by R.C. § 4113.15.

78. During all relevant time, Named Plaintiff and the Ohio Classes were employees within the meaning of R.C. § 4113.15

79. During all relevant time, Named Plaintiff and the Ohio Classes were not exempt from the protections of the OPPA.

80. The OPPA requires Defendants to timely pay Plaintiff and the Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

81. By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA and the OMWFSA, Defendant has also violated the OPPA.

82. Plaintiff and the Class Members' unpaid wages, including overtime, remained unpaid for more than thirty days beyond the regularly scheduled paydays.

83. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

84. As a result of Defendants' willful violations, Plaintiff and the Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, on behalf of herself, the Collectives, and the Ohio Classes, respectfully request that the Court:

A. Direct that Court-approved notice be issued pursuant to 29 U.S.C. § 216(b) and R.C. 4111.10(C) to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and other members of the Ohio Classes;

C. Enter judgment against Defendants, jointly and severally, and in favor of Named Plaintiff, the Opt-Ins who join, and the Ohio Class members;

D.  Award Named Plaintiff and the Collective members compensatory damages in the amount of their unpaid overtime compensation, as well as liquidated damages in an equal amount for Defendants' FLSA overtime violations;

E.  Award Named Plaintiff, the Opt-Ins who join, and the Ohio Classes pre-judgment and post-judgment interest at the statutory rate;

F.  Award Named Plaintiff, the Opt-Ins who join, and the Ohio Classes all attorneys' fees and costs incurred in prosecuting this action; and,

G.  Award Named Plaintiff, the Opt-Ins who join, and the Ohio Classes any such further relief as the Court deems equitable and just.

> Respectfully submitted,
>
> *s/J. Corey Asay*
> J. Corey Asay
> HKM EMPLOYMENT ATTORNEYS LLP
> 312 Walnut Street, Suite 1600
> Cincinnati, Ohio 45202
> T: (513) 318-4496
> F: (513) 318-4496
> E: casay@hkm.com
>
> *Counsel for Named Plaintiff*

## JURY DEMAND

Named Plaintiff hereby demand a trial by jury on all issues so triable.

> *s/ J. Corey Asay*
> *Counsel for Named Plaintiff*